UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-486-RJC
(3:06-cr-199-RJC-DCK-2)

| | |
|---|---|
| RAYMOND DUANE JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), in which he raises a claim pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015), and on the Government's Motion to Dismiss, (Doc. No. 8).

**I.     BACKGROUND**

Petitioner pled guilty in the underlying criminal case to: Counts (2) and (5), Hobbs Act robbery and aiding and abetting on February 11, 2006 and February 12, 2006, respectively (18 U.S.C. § 1951 and 2); and Count (3), using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, that is, "Hobbes [sic] Act robbery" on February 11, 2006 and aiding and abetting the same (18 U.S.C. § 924(c) and 2). (3:06-cr-199, Doc. No. 1 at 3); see (Id., Doc. No. 30).

The Plea Agreement provides that Petitioner agrees to enter a voluntary guilty plea to "Counts Two, Three, and Five as set forth in the Bill of Indictment, and admits to being in fact guilty as charged in those Counts." (Id., Doc. No. 30 at 1). The factual basis was deferred until the time of sentencing, however, Petitioner stipulated that there is a factual basis for the plea and that the Court may use the offense conduct set forth in the PSR, except any facts to which Petitioner

1

objects, to establish a factual basis for the plea. (Id., Doc. No. 30 at 4). The Plea Agreement states that Petitioner acknowledged the rights he was waiving by pleading guilty and sets forth his sentencing exposure. (Id., Doc. No. 30 at 4-5). Petitioner and counsel discussed his rights to appeal and to seek post-conviction relief and Petitioner specifically waived both rights except for claims of ineffective assistance of counsel, prosecutorial misconduct, or the sentence to the extent that it is inconsistent with the Plea Agreement or on the basis of unanticipated issues that arise at sentencing that the Court finds and certifies as requiring review by the Fourth Circuit Court of Appeals. (Id., Doc. No. 30 at 5).

At the sentencing hearing, Petitioner confirmed that he was pleading guilty knowingly and voluntarily. (Id., Doc. No. 62 at 3). The Court noted that "the 924(c) was to the convenience store robbery…." (Id., Doc. No. 62 at 5). The Judgment reflects that crime of violence underlying the § 924(c) offense in Count (3) is "Hobbes [sic] Act Robbery, and aiding and abetting." (Id., Doc. No. 45 at 1). The Court sentenced Petitioner to a total of 225 months' imprisonment, consisting of 105 months for Counts (2) and (5), concurrent, and 120 months for Count (3), consecutive, followed by a total of five years of supervised release. (Id., Doc. Nos. 45, 46). Petitioner did not appeal.

Petitioner filed a *pro se* § 2255 Motion to Vacate in 2008, case number 3:08-cv-553, raising several claims of ineffective assistance of counsel. The Court denied relief on the merits. Jones v. United States, 2012 WL 878882 (W.D.N.C. March 13, 2012).

In 2013, Petitioner filed a Letter that was construed as a § 2255 Motion to Vacate, case number 3:13-cv-256, which was dismissed as an unauthorized second or successive § 2255 petition. United States v. Jones, 2013 WL 2152815 (W.D.N.C. May 17, 2013).

2

Petitioner filed the instant § 2255 Motion to Vacate through counsel on June 24, 2016 with authorization from the Fourth Circuit Court of Appeals to file this second or successive § 2255 petition. (Doc. Nos. 1, 3). He argues that his § 924(c) conviction is invalid because the predicate offense of Hobbs Act robbery does not qualify as a "crime of violence" under Johnson v. United States, 135 S.Ct. 2551 (2015).

This action was stayed for several years pursuant to United States v. Ali, Fourth Cir. No. 15-4433, and United States v. Simms, Fourth Cir. No. 15-4640. (Doc. No. 7).

The Government has now filed a Motion to Dismiss, (Doc. No. 8), arguing that the § 2255 Motion to Vacate is waived, procedurally barred, and meritless. It argues that Petitioner's voluntary waiver of his right to pursue post-conviction relief in the guilty plea is enforceable, that the claim is procedurally defaulted because the claim could have been raised on direct appeal and Petitioner cannot demonstrate cause and prejudice or actual innocence, and the claim is meritless because the § 924(c) conviction is based on Hobbs Act robbery which is a crime of violence under § 924(c)'s force clause pursuant to United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019).

Petitioner filed a Response, (Doc. No. 11), arguing that there is ambiguity regarding the § 924(c) predicate and that this ambiguity should be construed against the Government as the least severe offense which, in this case, is conspiracy to commit Hobbs Act robbery. Petitioner argues that neither Hobbs Act conspiracy, attempted Hobbs Act robbery, nor aiding and abetting Hobbs Act robbery is a crime of violence so Petitioner is actually innocent of that offense and his § 924(c) conviction is void. Petitioner argues that his plea waiver is unenforceable because there was no crime of violence, and therefore, no factual basis for the guilty plea and enforcing the plea's post-conviction waiver would be a miscarriage of justice. There is no procedural default because the indictment failed to state an offense, which is a jurisdictional defect that rendered the judgment

<mark>3</mark>

void. Even if procedural default applies, Petitioner argues that he can demonstrate cause and prejudice and actual innocence.

The Government argues in its Reply, (Doc. No. 14), that its Motion to Dismiss should be granted because Petitioner alleges in his § 2255 Motion to Vacate that his § 924(c) convictions were predicated on his use or possession of a firearm in relation to a Hobbs Act robbery. (Doc. No. 1 at 6). This allegation is true, as demonstrated by the Indictment, Plea Agreement PSR, and Judgment, and thus Petitioner is entitled to no relief. The only basis for relief in Petitioner's § 2255 Motion to Vacate is that Hobbs Act robbery no longer qualifies as a crime of violence under § 924(c)'s force clause, which has been rejected by the Fourth Circuit in Mathis, 932 F.3d at 266. Petitioner's attempt to argue that he was convicted of a § 924(c) offense based on a predicate other than Hobbs Act robbery should be denied because he failed to amend his § 2255 Motion to Vacate. Any attempt to amend would be futile because the record does not support his assertion that the § 924(c) predicate was actually aiding and abetting Hobbs Act robbery and, in any event, that offense is a valid Hobbs Act predicate. Petitioner's argument about lack of subject-matter jurisdiction is meritless, his appellate waiver bars the challenge to his conviction, his sentence does not exceed the statutory maximum, and his procedural default is not overcome by cause and prejudice or actual innocence.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings

provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.

After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

**(1) Waiver**

"[A] guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Thus, after a guilty plea, a defendant may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Blackledge v. Perry, 417 U.S. 21, 29-30 (1974). Rather, he is limited "to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." Id. There are narrow exceptions to the enforceability of plea waivers such that "even a knowing and voluntary waiver of the right to appeal cannot bar the defendant from obtaining appellate review of certain claims" such as a sentence imposed in excess of the statutory maximum or a challenge to the validity of a guilty plea. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); see United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

Petitioner contends that his post-conviction waiver is unenforceable because he pled guilty to a non-existent offense over which Court lacked jurisdiction to sentence him, and therefore, the § 924(c) conviction and sentence are void. The Court need not address the validity and

enforceability of the post-conviction waiver in Petitioner's guilty plea because his claim is procedurally defaulted and meritless. See Sections (2)-(3), *infra*.

**(2)** **Procedural Default**

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal citations omitted); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994).

To establish cause based upon ineffective assistance of counsel, a petitioner must show that the attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Murray v. Carrier, 477 U.S. 478, 488 (1986); Strickland v. Washington, 466 U.S. 668, 687 (1984). Cause for procedural default also exists "where a constitutional claim [was] so novel that its legal basis [was] not reasonably available to counsel." Reed v. Ross, 468 U.S. 1, 16 (1984). Actual prejudice is then shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray, 477 U.S. at 494). In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a petitioner must show actual innocence by clear and convincing evidence. See Murray, 477 U.S. at 496.

Petitioner argues that he did not raise the present claims on direct appeal because the attack on the § 924(c) conviction and sentence is novel. Assuming *arguendo* that Petitioner can demonstrate cause, his procedural default is not excused because he cannot show prejudice. The § 924(c) conviction is supported by an adequate factual basis and is not undermined by a novel legal theory. See Section (3), *infra*.

Petitioner similarly argues that he is actually innocent of his § 924(c) conviction and sentence because an intervening change in the law establishes that a petitioner has been convicted for conduct that is not prohibited by law. See, e.g., United States v. Adams, 814 F.3d 178, 183 (4th Cir. 2016) (actual innocence of § 922(g) violation where petitioner showed it was impossible for the government to prove one of the required elements of 922(g)(1) – that he was a convicted felon at the time of the offense under Simmons). However, the record conclusively refuted Petitioner's claim of actual innocence, Section (3), *infra*, and he was not sentenced beyond the statutory maximum. Therefore, the actual innocence exception does not except him from the procedural default bar.

Petitioner's claim is therefore procedurally defaulted from collateral review and the § 2255 Motion to Vacate is subject to dismissal.

**(3)** **Merits**

Petitioner contends that his § 924(c) conviction is invalid because the predicate offense for the offense is Hobbs Act conspiracy, which no longer qualifies as a crime of violence under § 924(c)'s force clause. Even if this claim was not waived or procedurally defaulted, it fails on the merits.

7

In Johnson, the United States Supreme Court announced that the Armed Career Criminal Act's ("ACCA") residual clause[1] is void for vagueness, which is a retroactively applicable right. Id.; Welch v. United States, 136 S.Ct. 1257, 1265 (2016). The Supreme Court held in United States v. Davis, 139 S.Ct. 2319 (2019), that the residual clause in § 924(c)(3)(B)[2] is likewise unconstitutionally vague. See also United States v. Simms, 914 F.3d 229 (4th Cir. 2019) (concluding that § 924(c)'s residual clause is unconstitutionally vague). However, that holding does not affect Petitioner's conviction because "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019).

Petitioner's contention that the predicate offense for his § 924(c) conviction was actually conspiracy to commit Hobbs Act robbery is conclusively refuted by the record. The Indictment charges in Count (3) that Petitioner violated § 924(c) by brandishing and discharging a firearm in furtherance of a crime of violence, "that is, Hobbes [sic] Act robbery" and aiding and abetting the same. (3:06-cr-50, Doc. No. 1 at 3). In the Plea Agreement, Petitioner agreed to voluntarily plead guilty to "Counts Two, Three, and Five as set forth in the Bill of Indictment…." (Id., Doc. No. 30 at 1). The Judgment reflects that crime of violence underlying the § 924(c) offense is "Hobbes [sic] Act Robbery, and aiding and abetting." (Id., Doc. No. 45 at 1).

---

[1] ACCA defines a "violent felony" as any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another."* 18 U.S.C.A. § 924(e)(2)(B) (emphasis added). The italicized portion of the definition is referred to as the residual clause.

[2] Section 924(c) defines a "crime of violence" as a felony that: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that *by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense*." 18 U.S.C. § 924 (emphasis added). Section 924(c)(3)(A) is known as the "force clause" or "elements clause" and the italicized language in 924(c)(3)(B) is known as the residual clause.

There is no ambiguity that the § 924(c) predicate for Count (3) is substantive Hobbs Act robbery and aiding and abetting the same. Hobbs Act robbery is a crime of violence under § 924(c)'s force clause. Mathis, 932 F.3d 242. Aiding and abetting "simply describes the way in which a defendant's conduct resulted in the violation of a particular law." United States v. Ashley, 606 F.3d 135, 143 (4th Cir. 2010). Thus, aiding and abetting Hobbs Act robbery is likewise a crime of violence under § 924(c). See United States v. Steward, 2019 WL 6875294 (4th Cir. Dec. 17, 2019) (instruction that the jury could consider Hobbs Act conspiracy as a predicate crime of violence to a § 924(c) charge was plain error but it did not affect defendant's substantial rights because defendant "was also found guilty of aiding and abetting in the Hobbs Act robbery, a crime of violence," that the jury was instructed it could consider as the § 924(c) predicate).

Petitioner's § 924(c) conviction and sentence are valid. Therefore, the Government's Motion to Dismiss will be granted and Petitioner's § 2255 Motion to Vacate will be dismissed and denied.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant the Government's Motion to Dismiss and will dismiss and deny Petitioner's § 2255 Motion to Vacate.

**IT IS, THEREFORE, ORDERED that:**

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** and **DENIED**.

2. Respondent's Motion to Dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 8), is **GRANTED.**

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of

appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: December 30, 2019

Robert J. Conrad, Jr.
United States District Judge